139 F.3d 903
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
CALIFORNIA ADVOCATES FOR NURSING HOME REFORM, a private
non-profit corporation; Melvin Martin, as
successor-in-interest to the estate of Vira Martin,
deceased; Virgil Martin, as successors-in-interest to the
estate of Vira Martin, deceased; Bessie Parks; Wendy Peet,
as attorney in fact for Frances Jehle; Bessie Seday; Mario
Varela, as successor-in-interest to the estate of Atilano
Varela, Plaintiffs-Appellants,
v.
CREEKSIDE CARE CONVALESCENT Hospital, a corporation; Town &
Country Health Centers, Inc., a corporation, dba Winsor
House Convalescent Hospital; Richard Schachten; Jeffrey
Schachten; Ronald Rushford; Margaret Kane; SWE Barron;
Valerie Robinson; Ethel E. Lucas, Defendants-Appellees,
and
Elizabeth Lucas; Early Netural Evaluator, Defendants.
 No. 97-15398.
D.C. No. CV-94-01709-WBS.
 United States Court of Appeals, Ninth Circuit.
 Decided Feb. 23, 1998.
Submitted Feb. 10, 1998.
 
 Appeal from the United States District Court for the Eastern District of California William B. Shubb, District Judge, Presiding.
 Before HUG, Chief Judge, FERNANDEZ and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 California Advocates for Nursing Home Reform and individual representatives of four former residents (the "Residents") of Creekside Care Convalescent Hospital and Winsor House Convalescent Hospital appeal the district court's grant of summary judgment and denial of the plaintiffs' motion to amend. After de novo review of the grant of summary judgment, see Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996), and review of the court's denial of the motion to amend for abuse of discretion, see Janicki Logging Co. v.. Mateer, 42 F.3d 561, 563 (9th Cir.1994), we affirm.
 
 
 3
 Because the parties are well familiar with the factual and procedural history of this case, we will not recount it here.
 
 
 4
 * The district court properly granted summary judgment on plaintiffs' claims under 42 U.S.C. § 1985 and § 1986. We have conditioned the success of a cause of action under 42 U.S.C. § 1985 upon the following four requirements:
 
 
 5
 (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of this conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.
 
 
 6
 Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir.1992) (citation omitted). We have restricted the ambit of this statute by specifying that "in addition to identifying a legally protected right, a plaintiff must demonstrate a deprivation of that right motivated by some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." Id. (citations and internal quotation marks omitted). In the instant case, plaintiffs did not tender sufficient evidence to establish neither that the Residents belong to an identifiable class or that the defendants acted with the requisite discriminatory animus towards that class, both preconditions for recovery under section 1985(3). See Lopez v. Arrowhead Ranches, 523 F.2d 924, 927 (9th Cir.1975) (restricting action under § 1985(3) to "injuries inflicted upon the victim because of his status as a member of an identifiable class," and requiring class animus alleged to be "consistent with the deprivation of rights alleged").
 
 
 7
 The plaintiffs argue that as dependent, non-ambulatory, severely disabled individuals, the Residents constitute a protected class for the purposes of section 1985(3). However, their pleadings belie this identification.
 
 
 8
 Even if they could establish an identifiable class, the plaintiffs have failed to proffer sufficient evidence to satisfy the comparative component of their § 1985 claim. Plaintiffs have tendered voluminous affidavits in support of their assertions. However, a careful review of record--including examination of the portions of the record cited by plaintiffs at oral argument--has failed to yield sufficient evidence to create a genuine issue of material fact. While these declarations and supporting exhibits overwhelmingly indicate that the care the Residents received violated applicable regulatory standards, they are bare of any evidence to support the plaintiffs' claim that the Residents were more severely disabled than their fellow inhabitants and that the Residents alone suffered from defendants' regulatory violations. Thus, the plaintiffs cannot meet the "identifiable class" requirement of section 1985(3).
 
 
 9
 For much the same reason, the plaintiffs has not established a genuine issue of material fact as to whether defendants bore the requisite motivation to deprive the Residents of their legal rights. Although the United States Supreme Court has specified that a colorable section 1985(3) claim does not demand specific intent or wilfulness, but simply "invidiously discriminatory animus," Griffin v. Breckenridge, 403 U.S. 88, 102 n. 10, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971), the plaintiffs' failure to place the Residents within an identifiable class also prevents the plaintiffs from demonstrating that the defendants "selected or reaffirmed a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon (the) identifiable group" to which the Residents belong, Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 271-72, 113 S.Ct. 753, 122 L.Ed.2d 34 (1993) (citation and internal quotation marks omitted). Hence, we affirm the district court's grant of summary judgment on the plaintiffs' section 1985(3) claim.
 
 
 10
 Because "[a] claim can be stated under section 1986 only if the complaint contains a valid claim under section 1985," Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 626 (9th Cir.1988), the grant of summary judgment on the plaintiffs' section 1986 claim was also appropriate.
 
 II
 
 11
 The district court also properly granted summary judgment on plaintiffs' claims pursuant to section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 (the "Act"). Section 504 provides, in pertinent part:
 
 
 12
 No otherwise qualified individual with a disability in the United States ... shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance....
 
 
 13
 See 29 U.S.C. § 794(a). To prove a section 504 violation, the plaintiffs must show (1) that the Residents have a disability; (2) that they were "otherwise qualified" to receive the defendants' services; (3) that they were excluded due to discrimination solely by reason of their disability; and (4) that the defendants receive federal assistance. Gates v. Rowland, 39 F.3d 1439, 1445 (9th Cir.1994).
 
 
 14
 As the plaintiffs cannot establish that the Residents were excluded from the defendants' services "solely by reason of" their disabilities, the district court did not err in its grant of summary judgment on the plaintiffs' section 504 claim. Construing section 504 as prohibiting discrimination against any class of disabled persons, the plaintiffs contend that the extensive evidence of abuse and neglect that they presented to the district court establishes that the Residents suffered a denial of access to services because of their nonambulatory status and severe disabilities. However, as in our section 1985(3) inquiry, the plaintiffs' arguments concerning the legal impact of furnishing disparate treatment to different subclasses of disabled individuals, even if meritorious, stray wide of the mark. Although the plaintiffs claim that the defendants failed to provide the Residents with services that they provided to patients with other, less severe disabilities, the plaintiffs have not tendered sufficient to establish that 1) the Residents were more severely disabled than other inhabitants of Creekside and Winsor; and 2) the Residents were treated differently from their fellow patients. Accordingly, the plaintiffs' section 504 claim cannot succeed on the basis that the Residents were denied care "solely by reason" of their severely disabled status, and we affirm the district court's grant of summary judgment.
 
 III
 
 15
 Finally, the district court properly denied the plaintiffs' motion for leave to amend their complaint. We have jurisdiction to review this interlocutory order because it may have affected the district court's grant of summary judgment, see National American Ins. Co. v. Certain Underwriters, 93 F.3d 529, 540 (9th Cir.1996). In pertinent part, the order read: "Except as provided above, no further joinder of parties or amendments to pleadings is permitted except with leave of court, good cause having been shown." The exception to which the court referred was a provision requiring the plaintiffs to amend their complaint in specified ways within thirty days of the order. As we have previously construed virtually identical language in a scheduling order as triggering the application of Fed.R.Civ.P. 16, see Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 606, 607-08 (9th Cir.1992), we evaluate the order in the instant case under the standards of Rule 16(b), and conclude that the plaintiffs did not establish "good cause" for their delay in moving for leave to amend, id. at 609-10.
 
 
 16
 The record reflects nosign of the necessary diligence that plaintiffs should have exhibited in seeking the amendment in order to demonstrate "good cause" for their delay, id. at 609.
 
 Conclusion
 
 17
 The tendered evidence in this case presents a shocking portrait of abuse and neglect, unworthy of any facility entrusted with the care of our most vulnerable citizens. Nonetheless, however compelling a story the plaintiffs may present, they must still tender sufficient proof under a viable federal theory to avoid summary judgment. Even construed in a light most favorable to the plaintiffs, the proffered evidence is inadequate. Whether or not the plaintiffs have viable state remedies is an issue not presented by this appeal. We affirm the judgment of the district court.
 
 AFFIRMED
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3